ORA C. KITTRIDGE *v.* JOHN K. BATCHELDER AND ALICE JENNESS.

### [IN CHANCERY.]

### *Promissory Note.*

One of the defendants sold a farm to the orator by warranty deed, and took his notes therefor, secured by mortgage thereon. The farm was encumbered at the time, of which the orator had no knowledge. Said defendant was under obligation to support his mother, the other defendant, and in consideration thereof transferred to her the orator's notes not due, and absconded from the state, leaving no property. The mother took said notes in good faith, without intent to defraud the orator. *Held,* that the case did not stand upon the law of commercial paper, transferred and held as collateral security; and that the orator was not entitled to an injunction restraining the mother from negotiating said notes, or availing herself of the consideration thereof, without first removing said incumbrance.

APPEAL from the court of chancery. The bill alleged that the defendant Batchelder conveyed a farm to the orator on the 19th of August, 1867, by warranty deed, for the consideration of $900, for which the orator executed to him nine notes of $100 each, pay-

able yearly, and secured by mortgage on said farm; that the orator had paid and taken up three of said notes, and that the others were outstanding and not due; that at the. time of the orator's purchase, said farm was incumbered by mortgage from said Batchelder to Vail & Brainard, upon which $350 was then due, whereof the orator had no knowledge at the time of his purchase, and which he would be compelled to pay, unless relieved therefrom; that said Batchelder had recently absconded from the state, leaving no property which the orator could attach in a suit upon the covenants in said deed; that just before absconding, and for the purpose of defrauding the orator and compelling him to. pay off said incumbrance, said Batchelder transferred said notes to his mother, the defendant Jenness, who had notified the orator that she owned the same; that at the time of her pretended purchase thereof, she knew for what they were given, and of said incumbrance, and that the orator would have to pay the same, to make title to said farm; that the sale and transfer of said notes was fictitious, and without consideration, and that said Jenness held the same in trust for the said Batchelder; that they were negotiable, and that the said Jenness threatened to make such use of them as to avail herself of the consideration thereof. *Prayer*, that she be enjoined from transferring the same to the amount of said incumbrance, until she paid off said incumbrance, or secured the orator against the same; and for general relief.

The bill was taken as confessed as to the said Batchelder.

The said Jenness answered, and insisted that she purchased said notes in good faith for a valuable consideration, and denied any knowledge of the incumbrance upon said farm.

The answer was traversed, and testimony taken. The court, at the June term, 1873, Ross, Chancellor, perpetually enjoined the defendants from collecting or transferring said notes for any purpose, to the amount of said incumbrance. Appeal by the defendant Jenness.

*B. N. Davis*, for the orator, cited *Bowen* v. *Thrall et als.* 28 Vt. 382; *Atkinson* v. *Brooks*, 26 Vt. 569, 584; 1 Am. Lead. Cas. 336; *Austin* v. *Curtis et al.* 31 Vt. 64.

*Burke & Bates,* for the defendant Jenness, cited *Austin* v. *Curtis, supra; Griswold* v. *Davis,* 31 Vt. 390; 1 Eng. Law & Eq. 529; *Chicopee Bank* v. *Chapin,* 8 Met. 40.

The opinion of the court was delivered by

BARRETT, J. The court find and hold that John K. Batchelder was under legal obligation to support his mother through her life. He had received full consideration for so doing, and had promised at many times so to do, and to make provision therefor. The court also find that John K. assigned and caused to be delivered the notes in question for that purpose, and that they were received and have since been held by the mother under said assignment. So, as between her and John K., she holds the notes by valid legal title, with full legal right as against the orator to hold and enforce them. The orator has no defence at law to them as against either said John K. or his mother. The transaction of the assignment was a lawful and proper one, so far as both John K. and his mother were concerned, even if his mother had known that he was about to run away; and so far as legal right is concerned, was lawful and proper even as against the orator. But we do not find that the mother of John K. knew or suspected that he was about to run away, or that she had any such knowledge of the state of affairs between John K and the orator as to subject her to any imputation of intending to do anything fraudulent or unjust either in law or equity, against the orator in reference to those notes. The orator's legal right against John K., on account of the prior mortgage on the property for which said notes were given, accrued to him from the covenant against incumbrances in the deed. He could not defend a suit at law on those notes by any form of defence or offset. He could only stand on an equitable right to have the amount of that incumbrance allowed to him as against his notes, on the score, that, by reason of the irresponsibility of John K. as covenantor, he could not protect himself against said incumbrance, except by having the amount of it allowed to him in offset to those notes. He therefore goes into the court of chancery to avail himself of an equity against John K. growing out of his legal right upon the covenants in his

deed from John K., and he brings in Mrs. Jenness, who stands upon her legal right against John K. to have her support from him, and upon her legal right against the orator as the holder by valid assignment of the notes in question.

Her legal right cannot be affected unless by the force of some equity in favor of the orator with which she is chargeable by reason of her relation to John K. in refer ence to those notes. We see no such equity. On the contrary, in balancing equities between the orator and Mrs. Jenness, we think she has the prior and superior equity, resulting from legal right and relation, in connexion with the character of the subject-matter of such right and relation. The case does not at all stand on the law of commercial paper transferred and held as collateral security. In this case the notes were put into the hands of Mrs. Jenness as a *means* of current support, in discharge of the obligation of her son to support her—and not as *collateral* security for the fulfillment of such obligations.

The decree is reversed, and remanded with mandate.